IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT C. JAMERSON,

Petitioner,

vs.

DIANA SABATKA-RINE,

Respondent.

**4:22CV3220**

**MEMORANDUM AND ORDER**

This matter is before the Court on preliminary review of Petitioner Robert C. Jamerson's Amended Petition for Writ of Habeas Corpus, Filing No. 9, brought pursuant to 28 U.S.C. § 2254.  The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court.  Condensed and summarized for clarity, Petitioner's claims are:

Claim One:      Petitioner was denied due process and his right to a speedy trial because he went untried for over 400 days.

Claim Two:      Petitioner was denied a fair trial because he was never offered or given a mental health evaluation.

Claim Three:   Petitioner's due process rights were violated because a proper chain of custody was not maintained resulting in the weapon in his case being unavailable at the time of his hearing and plea agreement.

Claim Four:     Petitioner received ineffective assistance of counsel because his counsel failed to raise the issues in Claims One, Two,

and Three, and improperly induced him to accept a plea agreement.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court.   However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

In particular, the Court has serious questions regarding whether Petitioner has exhausted his claims in state court and whether any state remedies remain available to Petitioner.  *See* 28 U.S.C. § 2254(b),(c) (setting forth habeas exhaustion requirement). Petitioner alleges that he was sentenced in "Douglas" court in case numbers "D-20-2789" and "D-20-2790" to 9 to 11 years' plus 1 day's imprisonment for attempted first degree sexual assault of a child, third degree sexual assault, terroristic threats, and use of a firearm to commit a felony.  Filing No. 9 at 1.  Petitioner also alleges that he did not file an appeal or any postconviction action.  Filing No. 9 at 2–3.  Petitioner's state court records, available to this Court online,[1] essentially confirm Petitioner's allegations and show that he was sentenced by the District Court of Douglas County, Nebraska in Case Nos. CR20-2789 and CR20-2790 on November 18, 2021.   However, for unknown reasons, the judgments and sentences in Petitioner's cases were not filed in the state district court until January 18, 2022 (CR20-2790) and January 22, 2022 (CR20-2789).

---

[1] This Court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts.  The Court takes judicial notice of the state court records related to this case in *State v. Jamerson*, No. CR20-2789 and No. CR20-2790, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

This raises questions regarding whether Petitioner may have state postconviction remedies available to address his habeas claims.

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). A one-year period of limitation applies to the filing of a postconviction motion which runs from the later of five specified dates including "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal." Neb. Rev. Stat. § 29-3001(4)(a). Given the dates of entry of Petitioner's judgments, it would appear that Petitioner may still have until at least February 17, 2023 to file a verified motion for postconviction relief in the state district court, as his judgments did not become final until February 17, 2022, and February 22, 2022. *See* Neb. Rev. Stat. § 25-1301(3) ("The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order. For purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry."); Neb. Rev. Stat. § 25-1912(1) (notice of appeal must be filed within 30 days of entry of judgment); *In re Interest of J.A.*, 510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); *State v. Yos-Chiguil*, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence.").

Again, the Court is not making any determination as to whether any procedural bars will prevent Petitioner from obtaining the relief he seeks. The Court merely wishes

to make Petitioner and Respondents aware of these potential issues so that the parties may respond to and address the issues in accordance with the progression order set forth below.   The Court has considered the time-sensitive nature of these issues in setting the deadlines in the progression order.

Lastly, Petitioner filed a motion asking the Court to enter an order for a telephonic hearing on "his Motion to dismiss on a direct verdict" and to allow Petitioner to appear telephonically.   Filing No. 10 at 1.   Petitioner's motion will be denied because Petitioner has not filed any motion to dismiss in this Court.   To the extent Petitioner seeks a telephonic hearing regarding his habeas petition, the Court will deny Petitioner's motion as premature.   The Court will determine whether an evidentiary hearing is warranted in this matter only after reviewing Respondent's response to the petition and the relevant state court records.   *See* Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts.*

IT IS THEREFORE ORDERED that:

1.     Upon initial review of the habeas corpus petition, Filing No. 9, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.     By **February 8, 2023**, Respondent must file a motion for summary judgment or state court records in support of an answer.   The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 8, 2023**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3.      If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A.      The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.      The motion for summary judgment must be supported by any state court records that are necessary to support the motion.  Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief.  In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents.  Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the

motion for summary judgment.  Petitioner may not submit other documents unless directed to do so by the Court.

E.     No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F.     If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order.  (*See* the following paragraph.)  The documents must be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.     If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.     By **February 8, 2023**, Respondent must file all state court records that are relevant to the cognizable claims.  *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

6

B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.  Petitioner must not submit any other documents unless directed to do so by the Court.

E.      No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.      The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **March 10, 2023**: check for Respondent's answer and separate brief.

5.      No discovery shall be undertaken without leave of the Court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6.      Petitioner's Motion to Appear Telephonically, Filing No. 10, is denied.

Dated this 9th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge