IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT C. JAMERSON,

                    Petitioner,                          **4:22CV3220**

          vs.

DIANA SABATKA-RINE,                          **MEMORANDUM AND ORDER**

                    Respondent.

          This matter is before the Court on Respondent's Motion and Notice of Mixed Petition.  Filing No. 13.  For the reasons discussed below, Respondent's Motion is granted in part, and denied in part.

## I.  BACKGROUND

          On September 9, 2021, Petitioner Robert C. Jamerson ("Jamerson") entered guilty pleas in District Court of Douglas County, Nebraska Case No. CR20-2789 to attempted sexual assault in the first degree, a Class IIA felony, and sexual assault on a child in the third degree, a Class IIIA felony.  Filing No. 14-3 at 1.  That same day, Jamerson entered guilty pleas to two counts of terroristic threats, a Class IIIA felony, and one count of use of a weapon to commit a felony, a Class IC felony, in District Court of Douglas County, Nebraska Case No. CR20-2790.  Filing No. 14-4 at 1.  On November 18, 2021, in CR20-2789, the state district court sentenced Jamerson to prison for concurrent terms of four years to four years plus one day for attempted first degree sexual assault of a child and one year for third degree sexual assault of a child.  Filing No. 14-3 at 3.  On that same day, in CR20-2790, the state district court sentenced Jamerson to concurrent terms of one year imprisonment for each count of terroristic threats.  Filing No. 14-4 at 3.

Jamerson was also sentenced to five to six years' imprisonment for use of a weapon to commit a felony, and the court ordered that sentence to be served consecutive to Jamerson's sentences for terroristic threats and to his sentences in Case No. CR20-2789. *Id*. The sentencing order in CR20-2790 was not filed until January 18, 2022, and the sentencing order in CR20-2789 was not filed until January 20, 2022. Filing No. 14-3 at 3; Filing No. 14-4 at 3. Jamerson did not file a direct appeal from either judgment. *See* Filing No. 14-1 at 3–4; Filing No. 14-2 at 4.

Jamerson filed his habeas petition in this Court on October 5, 2022. Filing No. 1. The Court determined that Jamerson's petition was deficient and ordered Jamerson to file an amended petition by November 18, 2022. Filing No. 8. Jamerson filed his amended habeas petition on November 7, 2022. Filing No. 9. On January 9, 2023, the Court conducted a preliminary review of Jamerson's amended petition and found that Jamerson asserted the following claims in his petition, which were condensed and summarized for clarity by the Court:

Claim One:      Petitioner was denied due process and his right to a speedy trial because he went untried for over 400 days.

Claim Two:      Petitioner was denied a fair trial because he was never offered or given a mental health evaluation.

Claim Three:    Petitioner's due process rights were violated because a proper chain of custody was not maintained resulting in the weapon in his case being unavailable at the time of his hearing and plea agreement.

Claim Four:          Petitioner received ineffective assistance of counsel because

his counsel failed to raise the issues in Claims One, Two, and

Three, and improperly induced him to accept a plea

agreement.

Filing No. 11.  The Court identified potential issues regarding exhaustion of Jamerson's

claims and directed Respondent to file either a motion for summary judgment or state

court records in support of an answer by February 8, 2023.  *Id.* at 2–4.

On January 25, 2023, Respondent filed a Motion and Notice of Mixed Petition,

Filing No. 13, an Index in support of the motion, Filing No. 14, and a Brief, Filing No. 15.

Respondent notifies the Court that Jamerson has submitted a mixed petition containing

three exhausted claims and one unexhausted claim.  Respondent asks this Court to either

(1) dismiss this case without prejudice or (2) allow Jamerson to delete the unexhausted

claim and proceed on the remaining three exhausted claims.  Respondent asks the Court

for an expedited ruling on her motion given the limited time remaining for Jamerson to file

a timely motion for postconviction relief as discussed below.

## II.  RESPONDENT'S MOTION AND NOTICE OF MIXED PETITION

Respondent submits that Jamerson's petition is a mixed petition containing

exhausted and unexhausted claims.  "An application for a writ of habeas corpus can only

be granted if the applicant has exhausted all of the available state court remedies."  *Bell-*

*Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *see also* 28 U.S.C. § 2254(b)(1)(A).  The

United States Supreme Court has explained the habeas exhaustion requirement as

follows:

Because the exhaustion doctrine is designed to give the state courts a full
and fair opportunity to resolve federal constitutional claims before those

claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

If a habeas claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Id.* at 456 n.1.

The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. However, the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.

*State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009) (citation omitted). Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall*

4

*v. State*, 646 N.W.2d 572, 579 (Neb. 2002).   Nebraska has a one-year statute of limitations for bringing postconviction actions that is similar to federal law.[1]

Upon examination, the Court agrees with Respondent that Claims One, Two, and Three have been exhausted because they could have been raised on direct appeal. Respondent is also correct that Claim Four is unexhausted.   Jamerson has not filed a motion for postconviction relief in the state district court in either CR20-2789 or CR20-2790[2] which is available to him in order to litigate his ineffective assistance of counsel claim.   *See State v. Payne,* 855 N.W.2d 783, 787 (Neb. 2014) (explaining that to determine whether a claim is procedurally barred where no direct appeal was filed, a postconviction court must first determine whether trial counsel served as counsel to the defendant at the time a direct appeal could have been filed; the claim would be procedurally barred if trial counsel was not defendant's counsel at that time, but it would not be procedurally barred if trial counsel was still defendant's counsel).   As Respondent indicates, Jamerson has until February 17, 2023, to file a timely postconviction motion in CR20-2790 and until February 22, 2023, to file one in CR20-2789 raising his ineffective

---

[1] Neb. Rev. Stat. § 29-3001(4)(a) provides:

> (4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:
>
>> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal; . . . .

[2] Respondent provided printouts from JUSTICE, the Nebraska state courts' computerized record-keeping system, of Jamerson's state district court case.  Filing Nos. 14-1 & 14-2.  This Court also has online access to JUSTICE and takes judicial notice of the state court records related to this case in *State v. Jamerson,* No. CR20-2789 and No. CR20-2790, District Court of Douglas County, Nebraska.  *See Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Jamerson's state court records show that he has not filed a motion for postconviction relief in the state district court in either CR20-2789 or CR20-2790, and the Court assumes, like Respondent, that Jamerson intends for all four of his habeas claims to concern both state court judgments.

assistance of counsel claim. *See State v. Conn*, 914 N.W.2d 440, 445 (Neb. 2018) (explaining that the one-year postconviction statute of limitations—when no direct appeal has been filed—begins 30 days after entry of the sentencing order). Thus, Jamerson is not yet barred from presenting his ineffective assistance of counsel claim to the state courts, and his amended petition contains both exhausted and unexhausted claims.

When faced with a mixed petition, district courts have four options available: dismiss the petition without prejudice, stay the petition pending the outcome of state proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005), allow the petitioner to delete all unexhausted claims and proceed on the remainder, or—if the unexhausted claims are meritless—deny them under 28 U.S.C. § 2254(b)(2). *See Rhines*, 544 U.S. at 277–78.

A stay and abeyance is appropriate "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. When a court determines stay and abeyance is appropriate, the court's discretion is limited by timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). *Id.* A mixed petition should not be stayed indefinitely. *Id.* at 278. Rather, the court should "place reasonable time limits on a petitioner's trip to state court and back." *Id.* Finally, the court should not grant a stay and abeyance to petitioners who engage in "abusive litigation tactics or intentional delay." *Id.*

Upon careful consideration, the Court finds that Jamerson has good cause for his failure to exhaust Claim Four. In his amended petition, Jamerson alleges he did not exhaust his state remedies on Claim Four because he "was under mental health meds and . . . was not clear headed." Filing No. 9 at 10. Indeed, Jamerson states that at all relevant times he has been "on mental health meds for PTSD and biopoler [sic] disorder,"

*Id.* at 7, and  he "was having problems with [his] meds," *Id.*, and "was having mental health problems," *Id.* at 5–6, 8–10.  Moreover, it appears that Jamerson may have mistakenly believed that filing his original petition in this Court constituted seeking further review by the higher state courts.  *See* Filing No. 1 at 2–3 (in response to "[d]id seek further review by the higher courts," Jamerson answered "At this time" and attached a purported appellate brief captioned "In the Nebraska Court of Appeals"); *see also Id.* at 15 (requesting relief in the form of "motion for reconsideration and dismissal of all charges").  Given Jamerson's representations of his mental health issues and his apparent misunderstanding that he must first assert Claim Four in a *state* postconviction action, he should be given a reasonable opportunity to pursue Claim Four in state court before this Court reviews his amended petition.  The Court finds a stay is also appropriate as Petitioner's claim is clearly not meritless, and there is no indication that he is bringing the claim to intentionally delay litigation, particularly considering the odd circumstances surrounding the delay in the filing of his state court judgments.

These proceedings will not be stayed indefinitely.  The Supreme Court advised district courts to "place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  Therefore, Jamerson must pursue state court remedies within 30 days of the date this Memorandum and Order is entered,[3] and he must return to federal court within 60 days of the date his state court exhaustion is completed.

---

[3] As of the date of this order on February 2, 2023, Jamerson has 15 days remaining to file a timely postconviction motion in state court for Case No. CR20-2790 and 20 days remaining to file one for Case No. CR20-2789.  Thus, the Court's 30-day time period for Jamerson to pursue state court remedies is more than sufficient.

IT IS THEREFORE ORDERED that:

1.      Respondent's Motion and Notice of Mixed Petition, Filing No. 13, is granted to the extent that the Court has expedited its ruling and acknowledges Jamerson's amended habeas petition is a mixed petition, but the motion is denied to the extent that the Court declines at this time to dismiss this matter without prejudice or permit Jamerson to proceed only on his exhausted claims.  The Court, instead, exercises its discretion and will stay these proceedings for a limited time.

2.      Jamerson must pursue state remedies by March 6, 2023, and he must return to federal court within 60 days of the date his state court exhaustion is completed. Should Jamerson not pursue state court remedies by March 6, 2023, the Court will lift the stay and proceed accordingly.

3.      Both parties must file written status reports by March 10, 2023, stating whether Petitioner has pursued state court remedies.

4.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **March 10, 2023**: deadline for Petitioner and Respondent to file written status reports.

Dated this 2nd day of February, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge