IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT C. JAMERSON,

                Petitioner,

      vs.

DIANA SABATKA-RINE,

                Respondent.

**4:22CV3220**

**ORDER**

This matter is before the Court on Respondent's Motion for Reconsideration and Amendment of Deadline set forth in Filing No. 16, the Court's February 2, 2023 Memorandum and Order giving Petitioner Robert C. Jamerson until March 6, 2023, to pursue state court remedies as to Claim Four in his petition. Filing No. 17. Respondent asks the Court to amend the March 6th deadline to order instead that Jamerson must pursue state court remedies by no later than February 17, 2023, in Case No. CR20-2790 and February 22, 2023, in Case No. CR20-2789. Respondent submits that Jamerson must file postconviction motions in each state court case by those dates, otherwise Claim Four will become procedurally defaulted, not unexhausted, on February 18, 2023, in Case No. CR20-2790 and February 23, 2023, in Case No. CR20-2789. Thus, Respondent contends that March 6, 2023, is too late for Jamerson to pursue state court remedies.

The Court agreed with Respondent's calculations of Jamerson's deadlines for filing for state postconviction relief in its February 2, 2023 Memorandum and Order and exercised its discretion to stay these proceedings to allow Jamerson an opportunity to exhaust his state court remedies. The Court also acknowledged that the March 6, 2023

deadline was "more than sufficient" to give Jamerson this opportunity to exhaust as he had only until February 17, 2023, and February 22, 2023, to file timely state postconviction motions.    Filing No. 16 at 7 n.3.    However, upon consideration of Respondent's motion, the Court is concerned that Jamerson may perceive the Court's March 6th deadline as an indication that he has until then to timely file for relief in state court, when that is not the case.  Accordingly,

IT IS ORDERED that:

1.    Respondent's Motion for Reconsideration and Amendment of Deadline, Filing No. 17, is granted.

2.    The Court's February 2, 2023 Memorandum and Order staying this matter, Filing No. 16, is amended as follows:

    a.    Jamerson must pursue state remedies by **February 17, 2023**, in Case No. CR20-2790 and **February 22, 2023**, in Case No. CR20-2789, and he must return to federal court within 60 days of the date his state court exhaustion is completed.  Should Jamerson not pursue state court remedies by the foregoing dates, the Court will lift the stay and proceed accordingly.

    b.    Both parties must file written status reports by **February 27, 2023**, stating whether Petitioner has pursued state court remedies.

3.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 27, 2023**: deadline for Petitioner and Respondent to file written status reports.

Dated this 9th day of February, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge